IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUNICE E. TAYLOR,

        Plaintiff,

    v.

KAISER FOUNDATION HEALTH
PLAN OF THE NORTHWEST,
et al.,

        Defendants.

Case No. 3:11-cv-01551-ST

ORDER

MARSH, Judge.

    Magistrate Judge Janice Stewart filed her Findings and Recommendation on November 7, 2012. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). When either party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. See 28

1 - ORDER

U.S.C. § 636(b)(1)(B); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982); accord Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc).

Plaintiff has filed timely objections. Therefore, I have given the file of this case a *de novo* review. For the reasons set forth below, I adopt Judge Stewart's Findings and Recommendation.

## DISCUSSION

Plaintiff brought this action alleging claims under the Family Medical Leave Act (FMLA), and pendent state claims. On April 30, 2012, the parties engaged in a mediation which resulted in a Settlement Agreement. However, plaintiff subsequently refused to dismiss her claims under the terms of the Agreement, and defendants filed an amended answer adding counterclaims for breach of contract and breach of the covenant of good faith and fair dealing. On November 7, 2012, Judge Stewart entered summary judgment in favor of defendants, holding that there was no genuine issue of fact as to whether the Agreement was valid.

Plaintiff objects to Judge Stewart's entry of summary judgment on the basis that "[t]he court failed to apply a totality of the circumstances test, corresponding in significant respects to the requirement of the Older Workers Benefits Protection Act [OWBPA] . . . to the question of whether the waiver of this case was

2 - ORDER

knowing and voluntary" as enumerated by the Ninth Circuit in Stroman v. West Coast Grocery Co., 884 F.2d 458, 462 (9th Cir. 1989). Plaintiff concludes that "[w]hen examining the OWBPA factors in this case . . . it cannot be said as a matter of law that the release in question here was not the product of coercion and manipulation."

I disagree. Judge Stewart correctly concluded that the factors governing the validity of a waiver under the OWBPA do not apply in this case because plaintiff did not bring a claim under the Age Discrimination in Employment Act (ADEA). Further, although I conclude that federal law governs plaintiff's waiver of her FMLA claim,[1] Judge Stewart correctly concluded that there is no genuine issue of material fact, under either Oregon or federal law, that plaintiff knowingly and voluntarily waived her claims. See Stroman, 844 F.2d at 462 (a release of claims is valid if voluntary, deliberate, and informed); Pardi v. Kaiser Foundation Hospitals, 389 F.3d 840, 848 (9th Cir. 2004) (upholding a settlement agreement releasing ADA claims where plaintiff failed to establish that the agreement was procured by duress or any other basis that would render it invalid).

///

///

---

[1] Petro-Ventures, Inc. v. Takessian, 967 F.2d 1337, 1340 (9th Cir. 1992).

3 - ORDER

## CONCLUSION

Based on the foregoing, I ADOPT Judge Stewart's Findings and Recommendation (#40) as modified above. Accordingly, Defendants' Motion for Summary Judgment (#30) is GRANTED. IT IS ORDERED and DECLARED that (1) the parties Settlement Agreement is a binding and enforceable contract; (2) plaintiff shall specifically perform her obligations under the Settlement Agreement in exchange for payment of the sums due to her under the Settlement Agreement; and (3) defendants are awarded their reasonable attorney fees and costs incurred since June 12, 2012. Defendant's request for an offset of their fees from the amount of settlement payment owed to plaintiff is deferred in order to permit Attorney David Park to file an objection.

IT IS SO ORDERED.

DATED this __17__ day of January, 2013

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge

4 - ORDER