UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

EUNICE E. TAYLOR,

    Plaintiff,

                   Case No. 3:11-cv-1551-ST

  v.

                   FINDINGS AND
KAISER FOUNDATION HEALTH      RECOMMENDATIONS
PLAN OF THE NORTHWEST,
an Oregon non-profit corporation,
GAYLE M. LITTLEJOHN and
EBONY S. SAGE,

    Defendants.

STEWART, Magistrate Judge:

## **INTRODUCTION**

    This case arises out of the termination of plaintiff, Eunice E. Taylor ("Taylor), by her

former employer, Kaiser Foundation Health Plan of Northwest ("Kaiser").  Taylor filed suit

against Kaiser and two former supervisors for a violation of her rights under the Family

Medical Leave Act ("FMLA"), 29 USC § 2611 *et seq.*, and its state counterpart,

ORS 659A.171, age discrimination under ORS 659A.030, whistleblowing under

ORS 659A.199, and wrongful termination.

    The parties engaged in mediation on April 30, 2012, and signed a written Settlement

Agreement that same day.  At the mediation, Taylor was represented by David Park

1 - FINDINGS AND RECOMMENDATIONS

("Park").  Contending that she signed the Settlement Agreement under duress, Taylor sought

to rescind it.  Park then withdrew as Taylor's attorney and filed a Notice of Claim of Lien

for Attorney's Fees and Costs in the sum of $18,277.23 (docket #20).  After Taylor retained

new counsel on July 2, 2012, defendants filed an Amended Answer alleging counterclaims

against Taylor for breaching the Settlement Agreement, followed by a Motion for Summary

Judgment on those counterclaims to enforce the terms of the Settlement Agreement.  The

court granted that motion and entered an Order dated January 17, 2013 (docket #44):

(1) declaring that the Settlement Agreement is a binding and enforceable contract;

(2) requiring Taylor to specifically perform her obligations under the Settlement Agreement

in exchange for payment of the sums due to her under the Settlement Agreement;[1]

(3) awarding defendants their reasonable attorney fees and costs incurred since June 12,

2012; and (4) deferring defendants' request for an offset of their fees from the amount of

settlement payment owed to Taylor in order to permit Park to file an objection.

Defendants have now filed a Supplemental Motion for Award of Attorneys' Fees and

Costs in the sum of $42,196.78 (docket #47), requesting that this amount be set off from the

amount due to Taylor under the Settlement Agreement after first satisfying Park's lien.

Park has filed a Declaration (docket #50) confirming that $18,277.23 is the correct amount

of his lien and that he has no objection to defendants' request for a setoff after first

satisfying his lien.  Taylor has filed no response.  For the reasons that follow, defendants'

motion should be granted in part and denied in part.

---

[1] The amount of the settlement was redacted from the copy of the Settlement Agreement filed with the Court.

2 - FINDINGS AND RECOMMENDATIONS

**FINDINGS**

Pursuant to § 17, the Settlement Agreement is "governed by and interpreted under the laws of the State of Oregon." Kitchel Decl. (docket #33), Ex. 1. Therefore, Oregon law governs an award of reasonable attorney fees authorized under § 16 of that Agreement. In *Newbern v. Gas–Ice Corp.*, 263 Or 250, 501 P2d 1294 (1972), the Oregon Supreme Court identified the factors to be considered in assessing attorney fees in a case such as this. Those factors are "the difficulty and complexity of the issues involved . . . , the value of the interests involved, the result secured, the skill and eminence of opposing counsel, and the professional standing of counsel for (defendant), as well as the estimate by (defendant's) counsel of the amount of time devoted by them to this case." *Id* at 257–58, 501 P2d at 1297.

Defendants secured their desired result and were represented by competent counsel. However, the other factors weigh against a liberal award of attorney fees to defendants. First, the issues in this case were not particularly complex. Second, the skill and eminence of Taylor's counsel did not outweigh that of defendants' counsel.

The third factor, the value of the interests involved, is more difficult to assess. The value of Taylor's interest, had she been successful, was the ability to rescind the Settlement Agreement and litigate her claims. The value of defendants' interest presumably is measured by the benefit of enforcing the Settlement Agreement. However, neither the value of Taylors' claims nor the value of the Settlement Agreement is known. Although it is uncertain whether defendants ultimately would have won or lost had they litigated Taylor's claims, they undoubtedly saved defense costs by enforcing the Settlement Agreement. Therefore, obtaining summary judgment on their counterclaims to enforce the Settlement Agreement benefitted defendants regardless of whether they shift all of that expense to Taylor. Admittedly, Taylor caused defendants to incur

that expense.  However, depending on the amount of the settlement payment due to Taylor, it is

possible that after paying Park's lien and defendants' attorney fees, Taylor will receive nothing

in exchange for settling her claims.  Even worse, if the settlement amount is less than Park's lien

and defendants' attorney fees award, then she may be subjected to a judgment against her.

Given the sizable benefit obtained by defendants to enforce the Settlement Agreement, it is

inequitable for Taylor to suffer the severe penalty of losing all benefit of that settlement simply

because she sought to challenge it based on what she subjectively perceived to be duress.  Thus,

this factor weighs in favor of a restrained attorney fee award.  In addition, defendants' request for

a judgment against Taylor for the amount of their attorney fees which exceed the settlement

amount should be denied.

The factor concerning the professional standing of defendants' counsel may be most

easily analyzed by means of the reasonableness of their hourly rates.   In determining what rates

are "reasonable," the court uses the "prevailing market rate in the community for similar services

of lawyers 'of reasonably comparable skill, experience, and reputation.'"  *D'Emanuele v.*

*Montgomery Ward & Co., Inc.*, 904 F2d 1379, 1384 (9th Cir 1990) (citation omitted), *overruled*

*on other grounds*, *Burlington v. Dague*, 505 US 557 (1992).  The "initial benchmark" or

"bellwether" for determining reasonable market rates in Oregon is the Oregon State Bar

Economic Survey.  *Key Bank N.A. v. Van Noy*, 598 F Supp2d 1160, 1163 (D Or 2009); LR 54-

3, Practice Tip.

Defendants have submitted evidence that their attorneys' standard rates are comparable to

other law firms and lawyers in Portland with similar experience and providing similar services.

Kitchel Decl., ¶ 10.  The rates requested also are the same rates that defendants specifically

negotiated with their attorneys.  *Id*.  More importantly, the rates charged by each of the time-

4 - FINDINGS AND RECOMMENDATIONS

keepers fell within the range of reasonable fees, as identified in the Oregon State Bar 2012

Economic Survey, for Portland attorneys with similar years of relative experience. *Id*, ¶¶ 6, 7, 11

& Ex. C. However, it must be noted that the hourly rates for Ms. Kitchel ($428.00-492.20) and

Ms. Kilberg ($316.00-363.40) are well above the average rates ($340 and $280 respectively)

identified on that survey. *Id*, Ex. C, p. 34. Although the requested rates are not unreasonable,

they support an exercise of restraint when analyzing whether the number of hours expended at

those rates are reasonable.

The final factor is whether the time expended by defendants' attorneys was reasonable.

If that time is excessive, then the requested attorney fees cannot be reasonable and must be

reduced accordingly. According to the time records submitted by defendants, five attorneys and

two non-lawyers at the law firm of Stoel Rives, LLP, billed  121.8 hours on this case. The

attorneys included Chris Kitchel (partner with 31 years' experience), Jamie Kilberg (associate

with 12 years' experience), Laura Rosenbaum (associate with 7 years' experience), Andrea

Thompson (associate with 4 years' experience), and John Dudrey (associate with 4 years'

experience). Kitchel Decl. (docket #49), ¶¶ 6-7 & Ex. A. Since June 12, 2012, that time has

been primarily expended to draft:  (1) the counterclaims in the Answer (about 6.4 hours); (2) a

motion for summary judgment with a 15-page supporting memorandum, an eight-page reply

memorandum, and legal research the day of the hearing (about 80 hours); (3) a four-page

response to Taylor's objections to the Findings and Recommendation (about 7.3 hours); and

(4) this supplemental motion for attorney fees (about 14.1 hours).

Had this case presented more complicated issues, then the number of hours expended on

the summary judgment motion would be reasonable. However, defendants' attorneys expended

about three hours per page to research and draft the supporting and reply memoranda.   Although

5 - FINDINGS AND RECOMMENDATIONS

Ms. Kilberg primarily prepared the supporting memorandum, Ms. Rosenbaum primarily

prepared the reply memorandum.  Since Ms. Rosenbaum billed no time to this case until the

reply memorandum, she undoubtedly had to duplicate some of Ms. Kilberg's prior work.

Furthermore, the response to objections simply summarized the Findings and Recommendation,

adding only a footnote that Taylor's unsigned declaration was inadmissible evidence.  Given the

substantial experience of defendants' attorneys, the amount of time to research and draft these

memoranda is excessive.  Since two hours per page should be sufficient to research and draft

those three memoranda, this Court recommends reducing that time by about one-third.  That

reduction is $9,946.52 calculated as follows:

1. Counterclaims:

| TIMEKEEPER | HOURS | RATE | CHARGE | 1/3 REDUCTION |
|---|---|---|---|---|
| Kitchel | 1.2 | $428 | $ 513.60 | $ 171.20 |
| Kilberg | 5.2 | $316 | $1,643.20 | $ 547.73 |
| TOTAL: | 6.4 | | $2,156.80 | $ 718.93 |

2. Motion for Summary Judgment:

| TIMEKEEPER | HOURS | RATE | CHARGE | 1/3 REDUCTION |
|---|---|---|---|---|
| Kitchel | 20.2 | $428 | $8,645.60 | $2,881.87 |
| Kilberg | 28.9 | $316 | $9,132.40 | $3,044.13 |
| Rosenbaum | 29.2 | $252 | $7,358.40 | $2,452.80 |
| Dudrey | 1.1 | $208 | $ 228.80 | $ 76.27 |
| Thompson | 0.6 | $208 | $ 124.80 | $ 41.60 |
| TOTAL: | 80.0 | | $25,490.00 | $8,496.67 |

6 - FINDINGS AND RECOMMENDATIONS

3.  Objections to Findings and Recommendation:

| TIMEKEEPER | HOURS | RATE | CHARGE | 1/3 REDUCTION |
|------------|-------|------|--------|---------------|
| Kitchel | 1.8 | $428 | $  770.40 | $  256.80 |
| Rosenbaum | 5.5 | $252 | $1,386.00 | $  462.00 |
| Ohlsen | 0.7 | $ 52 | $    36.40 | $    12.13 |
| TOTAL: | 8.0 | | $2,192.80 | $  730.93 |

In addition, this Court recommends deleting the 1.1 hour spent by Ms. Rosenbaum

($277.20) on October 31, 2012, attending the summary judgment hearing with Ms. Kitchel who

argued the motion.  Given the issues, it was not necessary for two expensive lawyers to attend

that hearing.

The 14.1 hours expended to draft the supplemental motion for attorney fees also is

excessive.  It is a standard motion supported by the standard declaration, exhibits and boilerplate

case law.  Therefore, this Court recommends cutting that time in half, for a reduction of

$2,653.97 calculated as follows:

| TIMEKEEPER | HOURS | RATE | CHARGE | 1/2 REDUCTION |
|------------|-------|------|--------|---------------|
| Kitchel | 1.6 | $492.20 | $  787.52 | $  393.76 |
| Kilberg | 12.2 | $363.40 | $4,433.48 | $2,216.74 |
| Rosenbaum | 0.3 | $289.80 | $    86.94 | $    43.47 |
| TOTAL: | 14.1 | | $5,307.94 | $2,653.97 |

7 - FINDINGS AND RECOMMENDATIONS

Included in this time are 3.2 hours expended by two non-lawyers (Thompson and Ohlsen) in the "Editing Dept." for cite-checking. Fees for clerical staff, such as paralegals, whose labor contributes to the work product of an attorney may be awarded, provided that attorneys in the relevant market customarily bill clients separately for such work. *See Missouri v. Jenkins ex rel. Agyei*, 491 US 274, 284-89 (1989); *Trustees of Const. Indus. and Laborers Health and Welfare Trust v. Redland Ins. Co.*, 460 F3d 1253, 1256-57 (9th Cir 2006). The only caveat is that tasks routinely performed by secretaries and other support staff that are already built into a lawyer's hourly fees should not be separately compensated as part of an attorney fee award. Since cite-checking is work that an attorney would otherwise be required to perform and is billed separately, that time is compensable.

In sum, attorney fees should be awarded to defendants, but reduced by $12,877.70 ($718.93 + $8,496.67 + $277.20 + $730.93 + $2,653.97), for an award of $29,319.08 ($42,196.78 - $12,877.70).

## RECOMMENDATION

For the reasons discussed above, defendants' Supplemental Motion for Award of Attorneys' Fees and Costs (docket #47) should be GRANTED in the sum of $29,319.08, and an Order should be entered allowing defendants to use the amount due to Taylor under the Settlement Agreement first to satisfy Park's lien of $18,277.23 and then to set off their award of attorney fees from the remaining balance. Any remaining funds should be paid to Taylor, but defendants should not be awarded any judgment against Taylor for any deficiency.

8 - FINDINGS AND RECOMMENDATIONS

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge.

Objections, if any, are due Monday, March 18, 2013.  If no objections are filed, then the

Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a

copy of the objections.  When the response is due or filed, whichever date is earlier, the

Findings and Recommendations will go under advisement.

DATED February 28, 2013.


s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge

9 - FINDINGS AND RECOMMENDATIONS